440

(No. 4538–)

REUBEN F. BURINGTON AND KATHERINE BURINGTON, doing business as VALLEY MEMORIAL PARK, Claimants, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed April 24, 1953.*

HOLLERICH AND HOLLERICH, Attorneys for Claimants.

LATHAM CASTLE, Attorney General; C. ARTHUR NEBEL, Assistant Attorney General, for Respondent.

FARTHING, J.

On January 16, 1953, the complainants filed this suit. They seek an award of $140.00, which covers the cost of transporting and erecting 14 headstones over the graves of war veterans now buried in Valley Memorial Park, which is owned and maintained by the complainants.

The file for our consideration contains the verified complaint, and a motion to dismiss the suit.

The complainants cite the 1951 Ill. Rev. Stat., Chap. 21, Sec. 59a, as the basis for their complaint. The section provides that the Adjutant General shall secure the services of a qualified person as Superintendent of War Veterans' Graves Registration. "It shall also be his duty to prepare requisitions on the Federal Government for headstones when same are desired, and to supervise their transportation from the railroad station to and erection at the grave of the veteran, certifying bill for same to the Adjutant General for payment."

There is no allegation in the complaint that the claim in suit was ever certified to the Adjutant General for payment by said Superintendent of War Veterans Graves Registration. Paragraph 3 of the complaint alleges that on September 20, 1950 claimants submitted a written bill to the Military and Naval Department, War Veterans' Graves Registration of this State for $190.00, covering transportation and erection of 19 headstones at $10.00 each. They were paid $50.00, which covered their charges for 5 of the headstones, as shown in paragraph 4.

Complainants' bill of particulars shows all 14 items are for services rendered in 1948 and 1949.

The respondent's motion to dismiss is based on the same Rev. Stat., Chap. 37, Par. 439.22, which limits a claimant to two years within which to file his claim against the State of Illinois. Since the suit was filed in this Court on January 16, 1953, these claims are barred by that statute, and the respondent's motion must be allowed.

This suit is, therefore, ordered dismissed.